**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
EASTERN DIVISION**

---

**MARIAH LYNN WHYNOT** *Intellectually Challenged
Individual; By and Through Next Friend* **CARRIE SHURTLEFF,**

    **Petitioner;**

**v.**                                            **No. 1:25-cv-01190 STA-jay**

**TERRI LEE ST. HILAIRE;
NICOLAS STEPHEN ROBINSON;
ROBERT CHARLES THOMPSON JR.;
THE LAW FIRM OF THOMPSON & FERNALD, P.A.;
JOSEPH MICHAEL MURPHY;
THE LAW FIRM OF DELOACH, HOFSTRA & CAVONIS, P.A.; and
TAYLOR HATCH**

    **Respondents.**

---

### REPORT AND RECOMMENDATION

---

On August 7, 2025, Carrie Shurtleff filed this pro se action against the above-named respondents. [D.E. 1] On the same day, Ms. Shurtleff filed a motion to proceed *in forma pauperis*, which was granted on February 27, 2026.  [D.E. 2] This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. Admin. Order 2013-05.

The Court is required to screen *in forma pauperis* cases and to dismiss the case at any time if the Court determines that the action or appeal

      (i)      is frivolous or malicious;

      (ii)     fails to state a claim on which relief may be granted; or

      (iii)    seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

Petitioner Shurtleff filed this action as a Writ of Habeas Corpus on behalf of her "biological daughter" Mariah Lynn Whynot (D.E. 1, p. 2). The object of a writ of habeas corpus is to ascertain whether a prisoner can lawfully be detained in custody. *See Council v. Clemmer*, 177 F.2d 22, 23 (D.C. Cir. 1949). "An individual is held 'in custody' by the United States when the United States official charged with his detention has 'the power to produce' him." *Munaf v. Geren*, 553 U.S. 674, 686, 128 S. Ct. 2207, 2217, 171 L. Ed. 2d 1 (2008) citing *Wales v. Whitney,* 114 U.S. 564, 574, 5 S.Ct. 1050, 29 L.Ed. 277 (1885). Neither Petitioner nor Ms. Whynot are alleged to be a federal prisoner, in federal or state custody, or illegally detained in immigration custody. Thus, there is no possible relief under a Writ of Habeas Corpus, and so Petitioner has failed to state a claim on which relief may be granted. Moreover, Petitioner admits that she is not the legal representative or guardian of Ms. Whynot, and thus lacks standing to bring claims on her behalf. Consequently, Petitioner's case warrants dismissal under § 1915(e)(2)(B).

## CONCLUSION

For these reasons, the Magistrate Judge recommends that this Court dismiss the Writ of Habeas Corpus in its entirety, and that all remaining motions be denied as moot.

Respectfully submitted this 4th day of March, 2026.

**s/Jon A. York**
UNITED STATES MAGISTRATE JUDGE

**ANY OBJECTIONS OR EXCEPTIONS TO THIS REPORT AND RECOMMENDATION MUST BE FILED WITHIN FOURTEEN (14) DAYS AFTER BEING SERVED WITH A COPY OF THE REPORT AND RECOMMENDATION. 28 U.S.C. § 636(b)(1). FAILURE TO FILE THEM WITHIN FOURTEEN (14) DAYS MAY CONSTITUTE A WAIVER AND/OR FORFEITURE OF OBJECTIONS, EXCEPTIONS, AND ANY FURTHER APPEAL.**