**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

|  |  |  |
|---|---|---|
| **MARIAH LYNN WHYNOT, Intellectually** | ) | |
| **Challenged Individual by and Through** | ) | |
| **Next Friend Carrie Shurtleff,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **VS.** | ) | **No. 25-1190-STA-jay** |
| | ) | |
| **TERRI LEE ST. HILAIRE, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER ADOPTING REPORT AND RECOMMENDATION**
**OF MAGISTRATE JUDGE FOR DISMISSAL AND**
**ORDER CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH**

On March 4, 2026, the Magistrate Judge filed his Report and Recommendation that the *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed in this matter should be dismissed *sua sponte* for failure to state a claim upon which relief may be granted.[1] (ECF No. 10.)  Additionally, the Magistrate Judge determined that Carrie Shurtleff is not the legal representative or guardian of Ms. Whynot and, thus, lacks standing to bring claims on her behalf. Consequently, the case warrants dismissal under § 1915(e)(2)(B).  Ms. Shurtleff filed her objections to the Report and Recommendation on March 30, 2026, after receiving an extension of time in which to do so. (ECF No. 13.) She also filed certain attachments on March 31. (ECF No. 14.)

---

[1] It appears that Ms. Shurtleff may have intended to bring at least some of her claims under 42 U.S.C. § 1983.

Under Federal Rule of Civil Procedure 72(b)(3), "district courts review an R&R de novo after a party files a timely objection." *Bates v. Ohio Dep't of Rehab. & Corr.*, 2023 WL 4348835, at *1 (S.D. Ohio July 5, 2023). But that review extends only to "any portion to which a proper objection was made." *Id.* (citation omitted). A litigant must identify each issue in the report and recommendation to which she objects with sufficient clarity, or else the litigant forfeits the Court's de novo review of the issue. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) ("The objections must be clear enough to enable the district court to discern those issues that are dispositive and contentious."). That is, "the filing of vague, general, or conclusory objections does not meet the requirement of specific objections and is tantamount to a complete failure to object." *Cole v. Yukins*, 2001 WL 303507 *1 (6th Cir. March 19, 2001) (citing *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995)). Because a "general objection to the entirety of the magistrate's report has the same effects as would a failure to object," *Howard v. Sec'y of Health and Human Services*, 932 F.2d 505, 509 (6th Cir. 1991), to the extent that Ms. Shurtleff has made "vague, general, or conclusory objections," those objections are waived, and the Court will consider only the portions of the Report and Recommendation to which she has made specific objections.[2]

Although Ms. Shurtleff's "objections" do not provide "sufficient clarity" for de novo review, in the interest of fairness, the Court has reviewed the Magistrate Judge's report and finds that it comports with the facts and law of this case. Simply put, Ms. Shurtleff is not the legal representative or guardian of Ms. Whynot and, thus, lacks standing to bring claims on her behalf.

Moreover, the alleged illegal actions Ms. Shurtleff complains of all occurred in the State of Florida although Ms. Shurtleff and Ms. Whynot are alleged to now live in this district. ("This

---

[2]  Most, if not all, of Ms. Shurtleff's objections are "vague, general, or conclusory."

case presents a critical examination of the rights and protections afforded to an intellectually challenged individual, referred to herein as the Ward, who has been subjected to breach of fiduciary duty, extortion, abuse and neglect by the Purported Guardian Advocate and other Defendants as set forth herein under Florida law." (Pet. P. 8, ECF No. 1-1)). It also appears that Ms. Shurtleff is seeking to have herself appointed the guardian of Ms. Whynot under Tenn. Code Ann. § 34-1-101, *et al*. ("The Ward's best interest, a paramount consideration in guardianship proceedings, necessitates the appointment of a conservator ('guardian') in Tennessee." (*Id.* at p. 9.)

In addition to the previous grounds for dismissal of the petition, the Court finds that it is not the proper forum for either Ms. Shurtleff's due process and other claims that originated in Florida or her request to be appointed the guardian/conservator of Ms. Whynot. That matter should be handled by a state court in Tennessee. Tennessee Code Annotated section 34-3-101 provides, in relevant part, that

> (a) Actions for the appointment of a conservator may be brought in a court exercising probate jurisdiction or any other court of record of any county in which there is venue.
> (b)(1) An action for the appointment of a conservator shall be brought in the county of residence of the alleged person with a disability.

In conservatorship proceedings, venue is treated as jurisdictional. *In re Conservatorship of Ackerman*, 280 S.W.3d 206, 210 (Tenn. Ct. App. 2008).

As for Ms. Shurtleff's civil rights claims, venue for a civil action brought in federal court is governed by 28 U.S.C. § 1391. Section 1391(b) provides:

> Venue in general. A civil action may be brought in -

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). When venue is improper, a district court may either dismiss the case or, in the interests of justice, transfer the case to a district or division where it could have been brought. 28 U.S.C. § 1406(a). In the present case, dismissal seems to be the proper course of action since, in essence, Ms. Shurtleff has brought two different and distinct claims: a federal due process claim for actions taken in Florida that must be brought in Florida and a request to be appointed guardian/conservator of Ms. Whynot that must be brought in a state court in Tennessee.

The Court has reviewed the allegations of the complaint, the Report and Recommendation, and Ms. Shurtleff's objections and finds that the Magistrate Judge correctly applied the applicable law to the claims presented. Thus, the Court adopts the recommendation that all claims be dismissed *sua sponte*.

Summary and Conclusion

Because the Magistrate Judge correctly determined that this matter should be dismissed *sua sponte*, Ms. Shurtleff's objections are **OVERRULED**, and the Report and Recommendation is **ADOPTED.** Plaintiff's pending motions are **DENIED**.

Appellate Issues

The Court must also consider whether Ms. Shurtleff should be allowed to appeal this decision *in forma pauperis*, should she seek to do so. Pursuant to the Federal Rules of Appellate Procedure, a non-prisoner desiring to proceed on appeal *in forma pauperis* must obtain pauper status under Fed. R. App. P. 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803-04 (6th Cir.

4

1999).  Rule 24(a) provides that if a party seeks pauper status on appeal, she must first file a motion in the district court, along with a supporting affidavit. Fed. R. App. P. 24(a)(1). However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the party must file her motion to proceed *in forma pauperis* in the Court of Appeals.  Fed. R. App. P. 24(a)(4)-(5).

The good faith standard is an objective one. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).  The test for whether an appeal is taken in good faith is whether the litigant seeks appellate review of any issue that is not frivolous.  *Id.*  It would be inconsistent for a district court to determine that the complaint should be dismissed *sua sponte* but the action has sufficient merit to support an appeal *in forma pauperis*. *See Williams v. Kullman*, 722 F.2d 1048, 1050 n. 1 (2d Cir. 1983).  The same considerations that lead the Court to dismiss the complaint *sua* sponte also compel the conclusion that an appeal would not be taken in good faith.

It is **CERTIFIED**, pursuant to Fed. R. App. P. 24(a), that any appeal in this matter by Ms. Shurtleff is not taken in good faith.  Leave to proceed on appeal *in forma pauperis* is, therefore, **DENIED**.  Accordingly, if Ms. Shurtleff files a notice of appeal, she must also pay the full appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the Sixth Circuit Court of Appeals within thirty (30) days.[3]

**IT IS SO ORDERED.**

s/ **S. Thomas Anderson**
S. THOMAS ANDERSON
UNITED STATES DISTRICT JUDGE

Date: March 30, 2026

---

[3] Pursuant to Fed. R. App. P. 3(a), any notice of appeal should be filed in this Court.  A motion to appeal *in forma pauperis* then should be filed directly in the United States Court of Appeals for the Sixth Circuit.  Unless she is specifically instructed to do so, Ms. Shurtleff should not send to this Court copies of documents intended for filing in the Sixth Circuit.